G. EDWARD RUDLOFF, JR. (SBN 56058)
KATHLEEN M. DELANEY (SBN 196376)
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
2000 Powell Street, Suite 900
Emeryville, CA  94608
Telephone:  (510) 740-1500
Facsimile:  (510) 740-1501
Email:       erudloff@fgppr.com
                 kdelaney@fgppr.com

Attorneys for Defendant
**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**

# UNITED STATES DISTRICT COURT OF CALIFORNIA

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| THEODORE PAPANTONIADIS,<br><br>                    Plaintiff,<br><br>       vs.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, and DOES 1-10,<br><br>                    Defendants. | **NO. 2:13-cv-00223-KJM-DAD**<br><br>AMENDED STIPULATION AND PROTECTIVE ORDER |

Plaintiff Theodore Papantoniadis ("Plaintiff") and Travelers Casualty Insurance Company of America ("Travelers" or "Defendant"), by and through their respective counsel, hereby submit this Stipulated Proposed Protective Order.

WHEREAS each of the parties to the above captioned matter (the "Action") submit that certain documents and information sought in connection with discovery in the Action contain confidential development, financial, proprietary, trade secret, personal or financial information that is not otherwise available to the public ("Confidential Information");

WHEREAS such Confidential Information includes Travelers' claim handling practices, manuals and guidelines and the underwriting file for Plaintiff's policy;

WHEREAS the parties wish to engage in full discovery without impinging on legitimate confidentiality and proprietary interests;

AND WHEREAS good cause exists for entry of this Stipulation and Protective Order;

IT IS THEREFORE STIPULATED, AGREED AND ORDERED that:

1. This Stipulation and Protective Order governing the production and exchange of Confidential Information shall apply to all documents, testimony and information designated by any party to the Action as "Confidential."

2. Any party to the Action may designate materials "Confidential" by taking the following actions:

    a. With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking or designating on each page of a document containing Confidential Information the words **"CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER."**

    b. With respect to Confidential Information furnished by the Designating Party in a non-paper medium, including, without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs, etc., the Designating Party may designate all information therein as "Confidential" by affixing the appropriate legend to the outside of the medium or container.

3. With respect to deposition testimony or other oral testimony to be

recorded in a written transcript, the Designating Party may designate information as "Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue.  The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits.  The separately bound deposition material shall be marked in accordance with its designation, as **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER."** Alternatively, the Designating Party may, within a reasonable time after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

4. All Confidential Information subject to this Stipulation and Protective Order shall be used solely and exclusively for purposes of preparation, prosecution, defense or trial of the Action.  Such information shall not be used in or for any other cases, proceedings, disputes or for any commercial, business, competitive or any other purpose whatsoever and shall not be disclosed, except as otherwise set forth in this Stipulation and Protective Order.

5. Information designated as **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER"** pursuant to the terms of this Stipulation and Protective Order shall not be shown to or disclosed in any manner to any person except the following:
    a. the parties and their officers and members, and in the case of parties that are individuals, their spouses;
    b. counsel of record and in-house counsel for the respective parties to

the Action, including partners, associates, paralegals and other employees in the firms that are counsel of record to the extent necessary to perform legal services in connection with the Action;

c. witnesses or potential witnesses in the Action, provided that they agree to abide by the terms of this Stipulation and Protective Order;

d. independent consultants or experts retained by the parties to the Action or their counsel of record for consultation and/or testimony in connection with the Action, provided that they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

e. current employees of the parties to the Action, to the extent necessary for such employees to assist in the prosecution or defense of the Action, provided that they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

f. the Court in which the Action is pending, including court personnel, provided that the parties to the Action seek to limit further disclosure of the material, as set forth in paragraphs 7 below;

g. the members of the jury in the Action;

h. court reporters and videographers whose services are used in connection with the Action;

i. third parties for the limited purpose of copying documents, providing technical or litigation support services involving the presentation of evidence at a hearing or trial in this action or providing messenger services for documents, to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this action.  Documents in the possession of third parties as provided by this subsection shall be deemed to be

in the possession of counsel releasing the documents, who shall remain responsible for assuring compliance with this Stipulation and Protective Order while the documents are in the possession of such third parties; and

j. any other persons to whom a party to this Stipulation and Order may wish to disclose its own Confidential Information.

7. No person or entity receiving Confidential Information shall discuss, disseminate, or disclose the Confidential Information to any person or entity not listed above in paragraph 5. Any person or entity receiving Confidential Information shall take measures available to him or her to ensure that no unauthorized person or entity is able to obtain access to the Confidential Information. The provisions of this paragraph, however, do not apply to the Court or to Court personnel. However, no party, person, or entity receiving Confidential Information shall attempt to circumvent the terms of this Order by subpoenaing itself, its firm, or any other person or entity in receipt of an opposing party's Confidential Information.

8. Nothing in this Order affects or limits the producing party's use of its own Confidential Information or Confidential Information it has created, lawfully possessed or independently generated or discovered, regardless of whether the information is thereafter designated as "**CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER**."

9. A recipient of any Confidential Information that is produced or disclosed pursuant to this Stipulation and corresponding Protective Order shall maintain such Confidential Information in a secure and safe area, and the recipient shall exercise the same standard of due and proper care with respect to the storage, custody, and use of all such

>    Confidential Information as is exercised by the recipient with respect to its own Confidential Information.

10. In the event any party to the Action disagrees with the designation of any discovery materials as Confidential, counsel shall attempt in good faith to resolve the disagreement on an informal basis.  If it is necessary to present the dispute to the Court for resolution, it shall be up to the party seeking to contest the designation to move the Court for an order compelling the change of the confidentiality designation.  If a party does so move, pending the decision of the Court, the disputed document, testimony or information shall be treated as Confidential and subject to the terms of this Stipulation and Protective Order.  For purposes of any motion challenging a confidentiality designation, the party designating any discovery materials as Confidential shall bear the burden of proving that such discovery materials are properly designated as Confidential.

11. In the event that Confidential Information is contained in or attached to any pleadings or other papers filed with any court, counsel filing such pleadings or papers shall follow those procedures set forth in the Local Rules of the Eastern District of California, Rule 141 and Federal Rules of Civil Procedure, Rule 5.2 and 26 for lodging the Confidential portions of the papers under conditional seal and application to the Court for an order that the Confidential portions of the papers be filed under seal.

12. In the event that Confidential Information is used or disclosed at any trial or hearing, any party to this Stipulation and Protective Order shall request that the portion of the transcript of such proceeding where said use is made shall be *in camera*, or with access limited only to persons described in paragraphs 4 or 5, as applicable, or under such other conditions that will protect the Confidential Information from disclosure,

including the sealing of the record.

13. This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" under this order) at trial in any manner whatsoever. When and if the Action proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public unless good cause is shown to the district judge in advance of the trial.

14. The designation of any information, documents, or things as Confidential Information pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Order shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege. The parties to this Order expressly reserve their rights to object to the manner in which Confidential Information may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future.

15. Within thirty (30) days after the conclusion of the Action, whether by settlement or by the entry of a final, non-appealable judgment, all Confidential Information (including all copies thereof and all notes, drafts, memoranda, work papers and any other materials that contain Confidential or information) shall either be destroyed or returned to the producing party, at the election of the party that produced such information, provided, however, that: (a) counsel may retain for its

records one copy of all pleadings, papers, exhibits, transcripts, or other filings, so long as any Confidential Information contained therein continues to be protected, as provided in this Consent Stipulation and Protective Order; and (b) any party may retain documents as required by its own recordkeeping or document-retention policies, so long as any Confidential Information contained therein continues to be protected as provided in this Stipulation and Protective Order.  Compliance with this paragraph shall be confirmed in a certification prepared by counsel of record in the Action, which shall be delivered to counsel for the party who produced the Confidential Information not more than thirty-five (35) days after the conclusion of the Action.

16. The inadvertent or unintentional disclosure of any Confidential Information shall not be construed to be a waiver, in whole or in part, of any claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.  Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work-product doctrine or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of such privilege or protection, and any person who has received such materials shall either immediately return them to the party that produced the information or, at the election of the producing party, destroy such materials.

17. The provisions of this Stipulation and Protective Order shall survive and remain in full force and effect after settlement of the Action, or the entry of a final non-appealable judgment therein.

18. This Stipulation and Protective Order does not constitute an admission or agreement that any document, testimony or information is admissible as

evidence in the Action, and designations of confidentiality shall have no meaning or effect whatsoever with respect to the substantive issues in the lawsuit or the claims or defenses of any party thereto.

19. This Stipulation and Protective Order may be modified only by further Order of the Court.

WE HEREBY AGREE AND CONSENT to the terms of this Stipulation and Proposed Protective Order:

DATED: April 1, 2014    **FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

By: /s/Kathleen M. DeLaney
    G. Edward Rudloff, Jr.
    Kathleen M. DeLaney

Attorneys for Defendant
TRAVELERS CASUALTY COMPANY OF AMERICA

DATED: April 1, 2014    **WILKE FLEURY HOFFELT GOULD & BIRNEY, LLP**

By: /s/Daniel J. Foster
    Daniel J. Foster

Attorney for Plaintiff THEODORE PAPANTONIADIS

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: April 8, 2014


DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\papantoniadis0223.stip.prot.ord.docx

-11-

# **PROTECTIVE ORDER EXHIBIT A**

My name is _____.

I work for _____.

My business contact information is:

 _____

_____

I have read the attached Stipulated Protective Order ("Order") entered by the Court in the matter of *Theodore Papantoniadis v. Travelers Casualty Insurance Company of America, and Does 1 through 10,* United States District Court of California – Eastern District of California – Sacramento Division*,* Case No.: 2:13-CV-00223-KJM-DAD.

I understand the responsibilities and obligations the Order imposes on me regarding Confidential Information I obtain in this action.

I agree to be bound by all of the provisions of the Order.

I certify that (strike the inaccurate sections of this clause, if any):

I did not receive any Confidential Information before signing this Exhibit A;

I meet all requirements for receipt of information and other material designated as Confidential Information, pursuant to the Order;

I am not directly employed by any party to this action;

I am not under contract with any party to this action for any purpose other than this action.

I have received a copy of the Order, including an executed copy of this Exhibit A, for my personal use and reference.

I understand that the Court in this matter has the power to enforce the Order, including but not limited to imposing penalties and/or sanctions on anyone who violates the Order.

I agree to submit to the jurisdiction of the United States District Court,

//

Eastern District of California, Sacramento Division in matters relating to this Order.

Signature: _____

Date: _____

Print Name: _____

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500